# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID ARENDT, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>NETRADYNE, INC.,<br><br>      Defendant. | **NOTICE OF REMOVAL**<br><br>State Court Case No. 2022 CH 00097<br>Hon. David B. Atkins |

**TO: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS AND COUNSEL OF RECORD FOR PLAINTIFF DAVID ARENDT**

## NOTICE OF REMOVAL

Defendant Netradyne, Inc. ("Netradyne") hereby notices removal of this action, titled *Arendt v. Netradyne, Inc.*, filed in the Circuit Court of Cook County, Illinois, Chancery Division, Case No. 2022-CH-00097 (the "State Court Action") to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446 and 1453(b).[1] This putative class action is subject to this Court's jurisdiction under 28 U.S.C. §§ 1332(d) because minimal diversity exists and the alleged amount in controversy exceeds $5,000,000. As grounds for removal, Netradyne further states as follows:

---

[1] Netradyne reserves all of its rights and defenses, and nothing herein shall be construed as conceding the truth of any of Plaintiff's allegations or waiving any of Netradyne's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) (removing a case does not mean that a defendant concedes that damages have been adequately or appropriately pleaded); *see also, Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (similar).

1

**I.     THE STATE COURT ACTION**

On January 6, 2022, Plaintiff David Arendt ("Plaintiff") filed a putative class action complaint against Netradyne in the State Court Action. A true and correct copy of the Complaint, as well as all other documents filed in the State Court Action, are attached as **Exhibit A.** On January 11, 2022, the Complaint and Summons in the State Court Action were served on Netradyne. (*See* Ex. A, p. 25; Declaration of Kristi Griffith at ¶ 3, attached as **Exhibit B**.) No substantive matters have been addressed in the State Court Action, and no other process, pleadings, or orders have been filed, and no motions have been heard.

Plaintiff alleges that Netradyne's Driveri devices – which alert commercial truck drivers for drowsiness and distracted driving – violate the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), by allegedly using Plaintiff's and the putative class members' biometric identifiers and information "without first obtaining informed written consent or providing the requisite data retention and destruction policies." (Ex. A, Compl. at ¶¶ 1, 21, 25.)

Specifically, Plaintiff alleges that Netradyne violated Section 15(a) of BIPA by failing to develop and "publicly provide a retention schedule or guidelines for permanently destroying drivers' biometric identifiers and biometric information." (*Id.*, ¶ 66.) Plaintiff further alleges that Netradyne violated Section 15(b) of BIPA by failing to inform Plaintiff and the putative class members that their biometric information was being collected and stored and "failing to obtain written releases" from Plaintiff and the putative class prior to collecting their biometric information. (*Id.*, ¶ 75).

Plaintiff proposes to represent a class of "All residents of the State of Illinois who had their biometrics collected, captured, received, or otherwise obtained by Netradyne while residing in Illinois." (*Id.*, ¶ 53).

Plaintiff seeks statutory damages; declaratory, equitable, and injunctive relief; and attorneys' fees and costs. (*Id*., p. 18.)

## II. GROUNDS FOR REMOVAL

### A. Removal Is Appropriate Under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453.

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to a district court. 28 U.S.C. § 1441(a). This Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also,* 28 U.S.C. § 1453(b).

Pursuant to CAFA, United States District Courts have original jurisdiction over any class action (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant ("minimal diversity"); and (iii) in which the matter in controversy exceeds $5,000,000 in aggregate sum or value, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2) and (5).[2] Here, these conditions are met and the State Court Action is removable.

#### 1. The putative class comprises of 100 or more persons.

Plaintiff seeks to represent a class that consists of "[a]ll residents of the State of Illinois who had their biometrics collected, captured, received, or otherwise obtained by Netradyne while residing in Illinois." (Ex. A, Compl at ¶ 53.) Plaintiff alleges that his putative class consists of "hundreds of persons or more." (*Id*., ¶ 54.) Even assuming that the proposed class consists of only 101 people, the proposed class is sufficiently numerous to satisfy the requirements of CAFA. *See Roberson v. Maestro Consulting Servs. LLC*, 507 F. Supp. 3d 998, 1011 (S.D. Ill. 2020) (finding

---

[2] In removing this case, Netradyne does not waive, and expressly reserves, its argument that Plaintiff has no basis to certify a class.

the requirements of CAFA are met where "Plaintiffs allege that the putative class includes 'hundreds or thousands of members'").

In addition, Netradyne has sold more than 1,001 Driveri devices to businesses located within the State of Illinois. (Ex. B, Decl. at ¶ 6.) Accordingly, the potential class as defined in the Complaint would exceed 1,001 people and the requirements of CAFA are met.

2. <u>The parties are minimally diverse.</u>

Plaintiff alleges that he is a citizen of Illinois and that Netradyne is a Delaware corporation with its headquarters in San Diego, California. (Ex. A at Compl., ¶¶ 13-14; *see also* Ex. B, Decl. at ¶ 4 (Netradyne's principal place of business is San Diego, California).) Plaintiff thus has alleged that the parties are minimally diverse because plaintiff is a citizen of a different state than the defendant. 28 U.S.C. § 1332(d)(2)(A). Accordingly, CAFA's minimal diversity requirement is met.

3. <u>CAFA's minimum amount in controversy is met.</u>

For CAFA jurisdiction, the matter in controversy must exceed $5,000,000 in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). That requirement is met here.

"[T]he claims of the individual class members shall be aggregated" for purposes of determining the amount in controversy under CAFA." 28 U.S.C. § 1332(d)(6). Here, Plaintiff alleges that the putative class consists of "hundreds of persons or more" (Ex.. A, Compl. at ¶ 54), and the "Amount claimed" in Plaintiff's Summons is "$5,000,000.00" (*id*., Summons at p. 2). In addition, Netradyne has sold more than 1,001 Driveri devices to businesses located within the State of Illinois. (Ex. B, Decl. at ¶ 6.) Further, because the Complaint seeks, among other things, "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA" on behalf of

4

the putative class members, the amount in controversy exceeds $5,000,000 ($5,000 per violation x 1,001 violations = $5,005,000). (*See* Ex. A, Compl. at ¶¶ 68, 77; 740 ILCS 14/20.)

### B. The Northern District of Illinois Is a Proper Venue.

The State Court Action was originally filed in the Circuit Court of Cook County. The United States District Court for the Northern District of Illinois is part of the "district and division embracing" Cook County, Illinois, where the State Court Action was filed. *See* 28 U.S.C. § 1441(a). Therefore, this District is a proper venue for this case upon removal to federal court.

### C. The Exceptions to Removal Jurisdiction Are Inapplicable.

The exceptions to removal jurisdiction are inapplicable here. *See* 28 U.S.C §§ 1332(d), 1453(d). A district court may not exercise jurisdiction under section 1332(d)(4) when, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Similarly, Section 1332(d)(4)(B) states that district court jurisdiction may not be exercised when two-thirds or more of the putative class members and "the primary defendant" are citizens of the state in which the case was filed. 28 U.S.C. § 1332(d)(4)(B). Netradyne, the sole defendant here, is a citizen of Delaware and California. *See* Ex. A, Compl. at ¶ 14; Ex. B, Decl. at ¶ 4; *see also In re Hannaford Bros. Co. Cust. Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) (stating that the local controversy exception is inapplicable where the primary defendant is not a citizen of the forum state).

### D. The Procedural Requirements for Removal Are Satisfied.

A Notice of Removal "shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which

such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Plaintiff served Netradyne with the Complaint and Summons on January 11, 2022. (Ex. A, p. 25; Ex. B at ¶ 3.) This Notice of Removal is being filed on February 10, 2022 (*i.e.*, within 30 days after January 11, 2022).

Along with filing its Notice of Removal in this Court, Netradyne is serving true and correct copies of all process, pleadings, and orders served upon it as required by 28 U.S.C. § 1446(a). (*See* Ex. A). Netradyne also is filing a Notice of Filing of Notice of Removal with the Circuit Court of Cook County and will promptly serve Plaintiff with the same as required by 28 U.S.C. 1446(d), as well as a certificate of service pursuant to Federal Rule of Civil Procedure 5(d). A true and correct copy of the Notice of Filing of Notice of Removal that will be promptly filed and served is attached hereto as **Exhibit C**.

WHEREFORE, the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1332, Netradyne hereby removes this Action to this Court for further proceedings and adjudication in accordance with 28 U.S.C. §§ 1441 and 1446.

Dated: February 10, 2022            Respectfully Submitted,

                                               **NETRADYNE, INC.**

                                               By: /s/ Timothy A. Hudson
                                                      One of Its Attorneys

Timothy A. Hudson
Jordan E Wilkow
Megan E. Ryan
Tabet DiVito & Rothstein, LLC
209 S. LaSalle St., Suite 700
Chicago, IL 60604
(312) 762-9450
thudson@tdrlawfirm.com
jwilkow@tdrlawfirm.com
mryan@tdrlawfirm.com

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that on **February 10, 2022**, I caused the foregoing **NOTICE OF REMOVAL** to be electronically filed with the Clerk of the United State District Court for the Northern District of Illinois. Notice of this filing will be sent to all attorneys of record by operation of the Court's (CM/ECF) electronic filing system.

      /s/ Timothy A. Hudson